CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 26 2018

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EMMITT ROSCOE, JR., ) | Civil Action No. 7:17-cv-00494 | |
| Plaintiff, ) | | |
| ) | | |
| ) | MEMORANDUM OPINION | |
| ) | | |
| L. COLLINS, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Emmitt Roscoe, Jr., a Virginia prisoner proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 about correctional and medical staffs' alleged deliberate indifference to his physical pain and wasting. This matter is before me on the magistrate judge's report and recommendation, to which the parties have objected. See 28 U.S.C. § 636(b)(1)(B). For the following reasons, I adopt the report and recommendation and grant the motion for a preliminary injunction (the "Motion").[1]

### I.
### A.

A fellow inmate broke Plaintiff's jaw and damaged a nerve on February 3, 2017, and an oral surgeon wired his jaw shut several days later. Consequently, Plaintiff needed a liquid diet but had often been served pureed foods that he could not eat. The alleged continued jaw pain caused him to not want to eat, and he allegedly lost twenty pounds during eleven months. He complains that the pain has remained untreated although the jaw is no longer wired shut and is deemed healed.

Several months after commencing the action in 2018, Plaintiff filed a motion for a preliminary injunction. The injunctive relief was sought against defendants dentist Dr. Moore,

---

[1] Plaintiff had captioned it as a motion for a temporary restraining order ("TRO"). Because some parties received notice of the motion for a TRO and their counsel participated in the evidentiary hearing, I construe it as seeking preliminary injunctive relief. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting a court may classify a pro se filing regardless of its caption).

Nurse Bledsoe, Unit Manager L. Collins, Food Service Director P. Scarberry, Food Service Manager Brock, and "all remaining defendants."[2] The "remaining defendants" named in the original complaint but not specifically named in the Motion were Officer Sellers, Officer Bentley, Jane Doe #1 (Off-site Scheduler), Jane Doe #2 (Medication Staffer), John Doe #1 (Off-site Scheduler), John Doe #2 (Correctional Officer), and John Doe #3 (Correctional Officer). The motion was served on defendants Dr. Moore, Nurse Bledsoe, Unit Manager Collins, Food Service Director Scarberry, Food Service Manager Brock, and Officer Sellers only. Relief was also requested against non-defendant correctional officers Lt. Sykes, Sgt. Large, Sgt. Farmer, Bray, Meade[3], and "A. Pain."[4]

The motion and accompanying memorandum sought preliminary relief about two aspects of his conditions of confinement: retaliation and dental treatment. For the alleged retaliation, Plaintiff requests an order disallowing defendants and their "associates" from "assaulting, h[i]ndering, any unlawful tampering with outgoing mail and incoming mail[,] planting weapons or other contraband[,] giving bogus charges[,] threats, intimidation, harassment[,] and denying complaint forms[,] e[tc]." For the allegedly deficient dental treatment, Plaintiff requests an order that "[Dr.] Moore shall arrange for Plaintiff . . . to be order[ed] the post surgery that can repair Plaintiff['s] . . . remaining injuries. This should be a[n] order to a more qualified dentist, or oral specialist. And to obtain from that specialist a full evaluation of [Plaintiff's] . . . remaining injuries before surgery is p[er]formed. . . ." Plaintiff also requested a transfer to a Sussex I State Prison where Dr. Moore does not provide dental services to inmates.

---

[2] Plaintiff consistently names all defendants in both individual and official capacities.
[3] This person was originally misidentified as "Mead."
[4] All these people except for Pain later became defendants. Pain first appeared in a motion to amend (ECF No. 14) that I denied (ECF No. 30). Consequently, Pain had never been joined as a defendant.

2

Plaintiff alleges several examples of retaliation. Plaintiff did not like the way defendant Officer Meade spoke to him in front of defendants Sgt. Large, Sgt. Farmer, and Officer Bray on June 21, 2017. When Plaintiff challenged the appropriateness of Meade's statements, Meade disallowed Plaintiff to be transported to a dental appointment outside the prison and falsely charged Plaintiff with a disciplinary infraction. On January 10, 2018, Plaintiff flooded his cell after an officer spoke rudely to him, and Plaintiff was then falsely charged with threatening bodily harm. Also, Plaintiff asserts that he is "consistently being placed in segregation for my complaining an[d] falsely charged" without a classification hearing is not allowed to leave his segregation cell for showers or outside recreation. Plaintiff also complains that some of his personal property was missing after returning from segregation and that staff does not give him informal complaint forms.

Plaintiff describes his dissatisfaction with Dr. Moore's treatment. After Meade cancelled the transport in June 2017, Plaintiff saw a dental provider in September 2017 per Dr. Moore's consultation request. The provider recommended Plaintiff be seen by staff at a hospital ("MCV"). An oral surgeon at MCV saw Plaintiff in November 2017 and noted there were two ways to "fix" Plaintiff's jaw. The first way was by re-breaking the jaw and implanting metal plates, and the second way was by sanding teeth down. The oral surgeon recommended the less drastic option – sanding the teeth – but said that it ultimately may not "fix" the jaw. By the time of the Motion, Dr. Moore had sanded Plaintiff's teeth during two separate visits. Plaintiff asserts that the sanding has caused pain and has not "fixed" the jaw. Plaintiff further complains that Dr. Moore remains his dentist despite suing him twice and that "[Dr. Moore] is hurting more [sic] every[]time."

**B.**

The magistrate judge conducted an evidentiary hearing on March 1, 2018. Plaintiff, several prisoners, and defendants Unit Manager Collins and Nurse Bledsoe testified. Non-defendants Unit Manager Duncan, Qualified Mental Health Practitioner ("QMHP") Brookshire, Officer B. Mullins, Sgt. Hall, and Dental Assistant Hubbard also testified.[5]

Plaintiff filed a motion to amend at the conclusion of the hearing and a second motion to amend more than two weeks after the hearing. On March 21, 2018, the magistrate judge, inter alia, granted the second motion to amend and acknowledged the first amended complaint.[6]

On April 17, 2018, the magistrate judge allowed Plaintiff the opportunity to amend the complaint again. The order noted Plaintiff "may file an Amended Complaint adding Adam Wyatt as a party defendant and alleging an additional claim of retaliation against the defendants for withholding access to the Virginia Department of Corrections Grievance Procedure. . . ."

Three days later on April 20, 2018, the magistrate judge issued the report and recommendation for the Motion, and multiple parties objected within the fourteen day period.[7]

**C.**

The magistrate judge recommends that I grant the Motion in part. Specifically, the magistrate judge recommends granting the Motion only "insofar as it requests the court to enter

---

[5] Dental Assistant Hubbard was later joined as a defendant and entered the case.
[6] That same day, Dr. Boakye, Dental Assistant Hubbard, Lt. Sykes, Sgt. Farmer, Sgt. Large, Treatment Officer Sexton, Hearing Officer L. Mullins, Counselor Sowards, Transportation Officer Bray, Officer Childress, and Officer Meade were joined. Also, all Does but Jane Doe #2 (Medication Staffer) were terminated. Defendants Lt. Sykes, Sgt. Farmer, Sgt. Large, Treatment Officer Sexton, Hearing Officer L. Mullins, Counselor Sowards, Transportation Officer Bray, Officer Childress, Officer Meade, and Officer Bentley entered the case about two weeks later on April 3, 2018.
[7] Several defendants have been joined, been sent waivers of service, or entered an appearance since the report and recommendation. Dental Assistant Hubbard timely entered the case on May 10, 2018. On June 11, 2018, Patricia Adams was substituted for Jane Doe #2 (Medication Staffer) and a waiver of service was issued the same day. Adam Wyatt also was joined and has not yet executed a waiver of service.

preliminary injunctive relief to prevent the defendants Dr. Moore and Hubbard[8] from refusing to provide ongoing dental treatment to [Plaintiff] while this lawsuit is pending."

The magistrate judge noted these pertinent facts:

— Dr. Moore has already performed the primary treatment option of sanding teeth.

— Plaintiff says sanding the teeth has caused more pain and has not corrected his bite so he can chew food.

— Plaintiff sent four request forms to the prison dental department in January and February 2018, asking for treatment to dull the pain and correct his bite so he can chew food, but dental staff have not offered additional treatment or service to ameliorate the pain or bite.

— The Head Dentist for the Virginia Department of Corrections ("VDOC") purportedly told Dr. Moore to no longer see Plaintiff, except for an emergency, until Plaintiff's lawsuits against Dr. Moore are resolved.

— Plaintiff sought "emergency" dental treatment for swollen, painful gums and an inability to eat food before filing the Motion, and Dental Assistant Hubbard deemed the request not an emergency although VDOC policy included pain or swelling in its definition of "emergency dental treatment."

— Plaintiff has not been allowed to return to the oral surgeon at MCV to be examined about the pain or the secondary treatment option of re-breaking the jaw.

— Plaintiff rates his pain level at a "7 out of 10" thirteen months after the injury.

— Staff of the prison's medical department has told Plaintiff that the medical department does not provide treatment for dental issues.

Plaintiff's Exhibit Three from the evidentiary hearing ("Exhibit Three") is the Consultation Report detailing the outside dental providers' recommendations from September and November 2017. It shows, notably, that Dr. Moore is the authorizing agent for the referral. Also, the first provider noted Plaintiff had nerve discomfort and pain and "suggested evaluation by [MCV] for possible nerve repair." The oral surgeon from MCV also noted Plaintiff's continued feeling pain

---

[8] Dental Assistant Hubbard was not a defendant when the Motion for a TRO was filed or when the evidentiary hearing was conducted. She testified during the evidentiary hearing and had been joined as a defendant when the report was recommendation was filed. However, she did not enter the case until after the report and recommendation was issued.

5

two months later but recommended "<u>no surgical interventions at this point</u>," meaning based on the circumstances present as of November 2017.

## II.
### A.

A district court must review <u>de novo</u> any part of a report and recommendation to which a party objects, and it must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. <u>See, e.g.</u>, <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009). However, <u>de novo</u> review is not required when objections concern legal issues and not factual issues. <u>See, e.g.</u>, <u>Orpiano</u>, 687 F.2d at 47. Notably, <u>de novo</u> review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." <u>Id.</u> A district court is also not required to review any issue when no party objects. <u>See, e.g.</u>, <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983).

### B.

A preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 811 (4th Cir. 1991) (quoting <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 800 (3rd Cir. 1989)). The movant for such relief bears the burden to establish the elements of a preliminary injunction: (1) the movant's likelihood of succeeding on the merits of the action; (2) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (3) that the

balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Preliminary injunctive relief involving prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). A court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity" observed between federal courts and state officials. Id.; see Altizer v. Paderick, 569 F.2d 812, 812 (4th Cir. 1978) ("It is well settled that federal courts do not occupy the role of super wardens of state penal institutions and do not sit to supervise state prisons[.]" (internal quotation marks omitted)). An order granting a preliminary injunction must state the reasons why it issued, specifically state its terms, and describe the act(s) restrained or required in reasonable detail and without referencing other documents. Fed. R. Civ. P. 65(d)(1).

### III.

Objections were filed by Plaintiff (ECF Nos. 85, 95), Dr. Moore (ECF Nos. 83, 107[9]), and Unit Manager Collins, Food Service Director Scarberry, Food Service Manager Brock, and Officer Sellers (ECF No. 84). The parties do not challenge factual findings. Instead, they object to the magistrate judge's legal analysis under Winter and suggestion that Dr. Moore and Dental Assistant Hubbard continue to treat Plaintiff or facilitate that treatment.[10] I acknowledge the

---

[9] I note that Dr. Moore's second objection is untimely and is not considered.
[10] Someone may believe Plaintiff is also objecting to the "denial" of the Motion as to the alleged retaliation by correctional staff. Even if it was made or if a court could construe such an objection, it is overruled. Plaintiff fails to establish irreparable harm, a favorable imbalance of equities, or the public's interest in this context. One challenge Plaintiff faces is that "every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); see Lewis v. Viton, No. 07-3663, 2007 U.S. Dist. LEXIS 59337, at *27-28, 2007 WL 2362587, at *9 (D.N.J. Aug. 14, 2007) ("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."). Also, courts must give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in

7

parties' concerns, and a slight modification to the magistrate judge's suggestion should ameliorate them. Nevertheless, I adopt the report and recommendation because neither the magistrate judge's suggested relief nor the wording of the injunction alters the findings of facts and conclusions of law.

Plaintiff sufficiently shows a likelihood of success on the merits of the action. Several defendants argue whether retaliation is properly pleaded. Regardless, Plaintiff's evidence of ongoing pain and nutritional deficiencies presents a fair chase that a defendant knew he suffered pain and did nothing to address it. See Estelle v. Gamble, 429 U.S. 97, 104 (1976)(discussing deliberate indifference to a serious medical need). Plaintiff suffers irreparable harm if his pain remains a "7 out of 10" on the pain scale thirteen months after his injury, he still cannot adequately chew food, and medical and dental staffs are not willing to address these complaints. The equities tip in Plaintiff's favor as Plaintiff is entitled to certain dental treatment under the Eighth Amendment, Dr. Moore indicates the he does not want to personally provide that treatment, and the VDOC is still responsible for that rendering treatment. The public undoubtedly has an interest "in minimizing court interference in the orderly and secure running of the prison system." See, e.g., Bear v. Kautzky, 305 F.3d 802, 805 (8th Cir. 2002). Yet, the public also has an interest in ensuring state officials comport with the Eighth Amendment and in the funds that may be better spent to mitigate, and not to compensate, Eighth Amendment claims.

---

their judgment are needed to preserve internal order and discipline and to maintain institutional security." Hudson v. McMillian, 503 U.S. 1, 7 (1992). It is not by mere chance that Plaintiff is housed at Red Onion State Prison as a Level-S inmate; he has committed serious disciplinary infractions and exhibited intractable behaviors like flooding his cell. Furthermore, confinement in segregation is not deemed an atypical and significant hardship in relation to the ordinary incidents of prison life. See, e.g., Sandin v. Conner, 515 U.S. 472, 484, 486-87 (1995). Plaintiff does not have a constitutional right to be incarcerated within any particular prison. See, e.g., Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Plaintiff's request for an order generally preventing security staff from touching him, "hindering" him, inspecting his mail, warning or ordering him to comply, charging disciplinary infractions, or rejecting grievance forms is simply unworkable and cannot be "narrowly drawn." See, e.g., 18 U.S.C. § 3626(a)(2). Moreover, any success on the "irreparable harm" inquiry concerns his dental treatment, not a speculative fear of retaliation, and the accompanying order should remedy that harm.

8

I find that Plaintiff has satisfied Winter in addition to the reasons noted in the report and recommendation.

The parties' concern with the suggested remedy warrants modifying its terms. The Eighth Amendment requires staff of the VDOC to provide dental treatment, not treatment by a specific provider. This condition is evidenced by Plaintiff's own treatment history as the VDOC has repeatedly rendered dental care via providers other than Dr. Moore.

Plaintiff's Exhibit Three shows that it was Dr. Moore who had the authority to refer Plaintiff to the oral surgeon at MCV,[11] and Dental Assistant Hubbard testified that she has arranged treatment with outside providers. These two defendants, in their official capacities, have the authority to give Plaintiff the remedy he seeks: "to obtain from" a "qualified dentist[] or oral specialist" a "full evaluation of [Plaintiff's] . . . remaining injuries" before "order[ing] the post surgery that can repair Plaintiff['s] . . . remaining injuries."

Defendants Collins, Scarberry, Sellers, and Brock argue the suggested equitable relief is overbroad and "bind[s] an individual who not yet properly before the Court[:]" Dental Assistant Hubbard. It is not necessary to resolve their objection, standing and, personal jurisdiction concerning Dental Assistant Hubbard. I believe, at the present, that the preliminary injunction can be narrowly tailored to Dr. Moore only; I trust that Dr. Moore will comply and issue the referral, and I trust that the VDOC, via its "John or Jane Doe Off-site Scheduler" and Transportation Officers, will effectuate Dr. Moore's referral like it would any other medical

---

[11] Thus, I am not persuaded by Dr. Moore's objection and unsubstantiated proffer that he is unable to direct Plaintiff's dental care with outside providers. Dr. Moore also argues that testimony about Adam Wyatt's alleged directive that Dr. Moore should no longer treat non-emergent dental needs should be excluded as hearsay. However, I may not summarily reject such testimony when considering a preliminary injunction merely because it, arguendo, may be inadmissible at a subsequent trial. See Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981) ("[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.").

referral in its ordinary course of business.[12] See West v. Atkins, 487 U.S. 42, 54 (1988) (noting medical professionals act under color of state law when contracted to treat prisoners). Additionally, I retain the authority to modify the preliminary injunction to effectuate the purpose underlying the relief. See, e.g., Movie Sys., Inc. v. MAD Minneapolis Audio Distribs., 717 F.2d 427, 430 (8th Cir. 1983) (stating that modifications can be made in light of subsequent changes in the facts or the law or for any other good reason).

### IV.

For the foregoing reasons, the parties' objections are **OVERRULED**; the report and recommendation is **ADOPTED**; and Plaintiff's motion for preliminary injunctive relief is **GRANTED** in part.

Dr. Moore, in his official capacity as Plaintiff's dentist at Red Onion State Prison, shall within ten days refer Plaintiff to the oral surgeon at MCV who evaluated Plaintiff in November 2017 for an evaluation about his pain and inability to chew food and that is to be completed within thirty days. If that person cannot complete the evaluation within thirty days, the referral must be made to a similar professional in the same practice group for that evaluation to be completed within thirty days. If that practice group cannot complete the evaluation within thirty days, the referral must be made to a similar professional to complete that evaluation within thirty days.

ENTER: This 26th day of June, 2018.

Jackson L. Kiser
Senior United States District Judge

---

[12] Counsel for Unit Manager L. Collins, Food Service Director P. Scarberry, Food Service Manager Brock, and Officer Sellers later entered an appearance on behalf of Dental Assistant Hubbard and Transportation Officer Bray. Thus, counsel for Dental Assistant Hubbard and Transportation Officer Bray will receive actual notice of the preliminary injunction. See, e.g., Fed. R. Civ. P. 65(d)(2).