
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2019

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EMMITT ROSCOE, JR.,<br>  Plaintiff, | Civil Action No. 7:17CV00494 |
| v. | MEMORANDUM OPINION |
| L. COLLINS, ET AL.,<br>  Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Emmitt Roscoe, Jr., a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against defendants associated with the VDOC. Currently pending are motions to dismiss ("Motions") from defendants from the medical and dental departments of Red Onion State Prison ("ROSP"). The Motions, ECF Nos. 70, 97, 105, 139, had been referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (the "R&R"), ECF No. 155, and Defendant Dr. Moore timely filed his objections, ECF No. 156. For the reasons that follow, I will reject Dr. Moore's objections and adopt the R&R in its entirety.

I. **Background**

On February 3, 2017, Roscoe was attacked by an unknown inmate during a Nation of Islam service. Roscoe's jaw was fractured in the attack and he was knocked unconscious. Roscoe alleges that he was taken to his cell after the attack and denied medical treatment until he was discovered unconscious on his cell floor. At that point, he was taken to ROSP's medical department and later transported to a local hospital. The hospital confirmed that his jaw was fractured in two places, but the attending doctor informed officers that he could not correct or treat the injury. Roscoe returned to ROSP and waited until February 6, 2017 to be seen by an oral surgeon, who performed

1

surgery and wired Roscoe's jaw shut to facilitate healing. Roscoe returned again to ROSP and was put on a liquid diet. Roscoe required periodic monitoring by the dental and medical staff after the surgery.

## II. Claims

The Magistrate Judge interpreted Roscoe's Second Amended Complaint, ECF No. 86, to allege the following claims:

1. Dr. Moore was deliberately indifferent to Roscoe's serious medical needs when he delayed or interfered with medical treatment, failed to order Roscoe hospitalized on February 3, 2017 to have immediate oral surgery, and failed to provide Roscoe with the prescribed Percocet and Boost nutritional supplement;

2. Nurse Bledsoe was deliberately indifferent to Roscoe's serious medical needs by not ensuring that he received proper medical attention;

3. Nurse Hubbard was deliberately indifferent to Roscoe's serious medical needs when she delayed and/or interfered in Roscoe receiving medical treatment

4. Dr. Wyatt was deliberately indifferent to Roscoe's serious medical needs when he delayed and/or interfered with Roscoe's medical treatment;

5. Dr. Wyatt violated Roscoe's First Amendment right to petition the courts by retaliating against him for filing suit; and

6. Nurse Adams was deliberately indifferent to Roscoe's serious medical needs when she delayed and/or interfered in Roscoe receiving medical treatment.

### III. Standards of Review

#### A. R&R

In a report pursuant to 28 U.S.C. § 636(b), the magistrate judge makes only recommendations to the court. The recommendations have no presumptive weight, and responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo review of those portions of the report to which specific objection is made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the report, the court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983). Objections that only repeat arguments raised before a magistrate judge are considered general objections to the entirety of the report and recommendation, which has the same effect as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

#### B. Summary Judgment

Defendants filed motions to dismiss, or in the alternative, motions for summary judgment. As Defendants presented matters outside of the pleadings to the court on their 12(b)(6) motions, I will construe their motions as motions for summary judgment. Fed. R. Civ. P. 12(d).

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute

over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." Anderson, 477 U.S. at 250.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. Celotex, 477 U.S. at 322-324; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence set forth must meet the "substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).

### C. 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a

4

deprivation of a federal right. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

### IV. Discussion

At the threshold, Dr. Moore objects to the Magistrate Judge's finding that he retaliated against Roscoe. Specifically, Dr. Moore asserts that Roscoe has neither alleged retaliation nor presented evidence sufficient to support a claim of retaliation against him. However, the Magistrate Judge did not analyze or make a recommendation regarding a retaliation claim against Dr. Moore. Instead, the Magistrate Judge recommended denying Dr. Moore's motion for summary judgment because she found that Dr. Moore's delay in medical treatment in late 2017 created a genuine dispute of material fact as to whether Dr. Moore was deliberately indifferent to a serious medical need. The Magistrate Judge incorporated evidence from Roscoe's Eighth Amendment claim against Hubbard and his First and Eighth Amendment claims against Dr. Wyatt's to bolster the Eighth Amendment claim against Dr. Moore, but she did not find a First Amendment claim against Dr. Moore. Therefore, Dr. Moore's objections are overruled.

Defendant Dr. Moore's objections do not refer to the R&R's conclusions regarding the Eighth Amendment claims or the First Amendment claims against Hubbard and Dr. Wyatt. No other objections were filed. Therefore, I conclude that neither Roscoe nor the Defendants object to the corresponding portions of the R&R. Having reviewed the relevant portions of the R&R, I find that they are thorough, well-reasoned, and contain no clear error. I will adopt the R&R in its entirety.

## V.

Accordingly, I will overrule Dr. Moore's objections and adopt the R&R in its entirety. I will deny in part the Motions as to the delay in treatment claim against Dr. Moore and the retaliation claims against Hubbard and Dr. Wyatt.[1] ECF Nos. 97, 105, 139. I will grant in part the Motions as to the remaining claims against Dr. Moore, and all claims against Bledsoe and Adams. ECF Nos. 97; 137. Lastly, I will dismiss Bledsoe and Dr. Moore's first motion to dismiss as moot. ECF No. 70.

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

ENTERED this 19th day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Dr. Wyatt did not address Roscoe's Eighth Amendment allegations against him, so that claim will also go forward. See R&R 29.