# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **EMMITT ROSCOE, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00494 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **L. COLLINS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Emmitt Roscoe, Jr., Pro Se Plaintiff.*

This civil rights action under 42 U.S.C. § 1983 is presently before me on a motion seeking interlocutory injunctive relief related to medical care, filed by the plaintiff, Emmitt Roscoe, Jr. I recently adopted the Report and Recommendation of the magistrate judge and denied three previous motions from Roscoe, seeking interlocutory relief regarding medical care. I find no factual basis for a different outcome on his present motion and will summarily deny it.

Roscoe's § 1983 claims concern an incident on February 3, 2017, when another inmate broke Roscoe's jaw, and the course of medical care Roscoe received thereafter. Based on problems that he allegedly continues to experience with pain in his jaw and bleeding gums when he chews some foods, Roscoe moves

for a preliminary injunction directing prison officials to arrange for him to have corrective surgery on his jaw.

The record, including Roscoe's motion and attachments, indicates that since his jaw injury, prison officials have referred Roscoe for evaluation and treatment by numerous medical specialists.[1] The doctors agree that his jaw has healed, and they have recommended or prescribed treatment for his symptoms. He has been provided physical therapy to improve his range of motion, he receives a soft diet and pain medication, and he has been fitted with a "mouth guard and teeth splint" at the Nelson Clinic of Oral Surgery. Mot. Prelim. Inj., Roscoe Aff. ¶ 6, ECF No. 184-1. It is undisputed that according to one doctor in July 2018, surgery on Roscoe's jaw "would be a last resort," "might not resolve Roscoe's pain and could result in worsened pain/paresthesia." R. & R. 5, ECF No. 182.

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Accordingly, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

---

[1] An exhibit attached to Roscoe's motion indicates that between November 2017 and November 2018, he visited specialists on eleven different occasions.

On the record before me, I find that Roscoe has not met at least two of the four critical elements of this standard. Specifically, Roscoe provides no evidence that any of the medical professionals who have evaluated his condition believes that he will suffer irreparable harm in the absence of the surgery he now demands. The record also indicates that Roscoe is currently receiving, and/or has received, treatment designed to address his jaw pain and chewing difficulties. At this time, these treatments may not yet have alleviated Roscoe's symptoms to the degree that he would prefer. However, such dissatisfaction and disagreement with medical diagnoses and treatments do not rise to the level of deliberate indifference as required to succeed on an Eighth Amendment claim regarding his current course of care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that to prove defendant liable for Eighth Amendment violation, plaintiff's evidence must show deliberate indifference — that defendant knew of and consciously disregarded "an excessive risk to inmate health or safety"); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard" and demonstrating mere negligence is insufficient); *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding course of treatment for inmate's medical needs, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").

For the stated reasons, I conclude that Roscoe fails to present facts showing that he is likely to succeed on a claim of current deliberate indifference to his serious medical needs or that he will suffer irreparable harm in the absence of the extraordinary remedy he is seeking. Accordingly, it is **ORDERED** that his motion, ECF No. 184, is DENIED.

      ENTER: April 12, 2019

      /s/ James P. Jones
      United States District Judge